UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LIFE PARTNERS HOLDINGS, INC., BRIAN PARDO, R. SCOTT PEDEN, AND DAVID M. MARTIN<br><br>Defendants. | Civil Action No.: 1-12-cv-00033 |

### DEFENDANTS LIFE PARTNERS HOLDINGS, INC. AND R. SCOTT PEDEN'S NOTICE OF SUBPOENA TO EIDE BAILLY LLP

TO:   ATTORNEYS OF RECORD FOR THE PARTIES

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(1)(D) of the Federal Rules of Civil Procedure, Eide Bailly LLP will be expected to produce to Defendants Life Partners Holdings, Inc. and R. Scott Peden the documents described in Exhibit A to the subpoena. Eide Bailly LLP is not a party to this action. Defendants Life Partners Holdings, Inc. and R. Scott Peden request production of these documents within the time set forth in the Federal Rules of Civil Procedure.

A copy of the subpoena is attached to this notice and is hereby served upon you.

DATE: July 20, 2012

Respectfully submitted,

**BAKER & MCKENZIE, LLP**

| | |
|---|---|
| J Pete Laney<br>State Bar No. 24036942<br>E-Mail: jpete@jpetelaney.com<br><br>**LAW OFFICES OF J PETE LANEY**<br>1122 Colorado Street<br>Suite 111<br>Austin, TX 78701-2159<br>Tel: (512) 473-0404<br>Fax: (512) 672-6123 | */s/ Will R. Daugherty*<br>Elizabeth L. Yingling<br>State Bar No. 16935975<br>E-Mail: elizabeth.yingling@bakermckenzie.com<br>Laura J. O'Rourke<br>State Bar No. 24037219<br>E-Mail: laura.orourke@bakermckenzie.com<br>Will R. Daugherty<br>State Bar No. 24053170<br>E-Mail: will.daugherty@bakermckenzie.com<br><br>**BAKER & McKENZIE LLP**<br>2300 Trammell Crow Center<br>2001 Ross Avenue<br>Dallas, TX  75201<br>Tel.: (214) 978-3000<br>Fax: (214) 978-3099<br><br>**ATTORNEYS FOR DEFENDANTS, LIFE PARTNERS HOLDINGS, INC. AND R. SCOTT PEDEN** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court. All others were served a copy via U.S. mail.

/s/ *Will R. Daugherty*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of North Dakota

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1-12-CV-00033 |
| LIFE PARTNERS HOLDINGS, INC., ET AL | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of Texas  ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: EIDE BAILLY LLP, 4310 17th Ave S, Fargo, ND 58108

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
    See attached Exhibit A. (In the alternative, you may produce a copy of all responsive documents on or before the date specified at the place specified below.)

| Place: John Hennings<br>1147 38 1/2 Avenue<br>West Fargo, ND 58078 | Date and Time:<br><br>08/22/2012 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7-20-2012

*CLERK OF COURT*

                                                    OR  _/s/_____
     *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  **Defendants**
Life Partners Holdings, Inc. and R. Scott Peden                 , who issues or requests this subpoena, are:
Will R. Daugherty, Baker & McKenzie LLP, 2001 Ross Ave., Suite 2300, Dallas, TX 75056
will.daugherty@bakermckenzie.com; 214.965.7279.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1-12-CV-00033

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

   ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

   ❏ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                                     _____
                                                               *Server's signature*

                                                       _____
                                                         *Printed name and title*

                                                       _____
                                                               *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## **EXHIBIT A**

### **I. DEFINITIONS**

The following definitions shall apply:

1. "You", "Your" or "Eide Bailly" shall mean Eide Bailly LLP and/or Murrell, Hall, McIntosh & Co., any of their current or former employees, members, managers, representatives, agents, attorneys or any other person or persons authorized to act on their behalf.

2. "Defendants" refers collectively to Life Partners Holdings, Inc., Life Partners, Inc., Brian D. Pardo, R. Scott Peden, and David M. Martin.

3. "LPHI" refers to Life Partners Holdings, Inc. and all present and former officers, directors, agents, attorneys, employees, and all other persons acting or purporting to act on behalf of any of them.

4. "LPI" refers to Life Partners, Inc. and all present and former officers, directors, agents, attorneys, employees, and all other persons acting or purporting to act on behalf of any of them.

5. "Martin" means David M. Martin, Defendant in the above-styled and numbered cause.

6. "Pardo" means Brian D. Pardo, Defendant in the above-styled and numbered cause.

7. "Peden" means R. Scott Peden, Defendant in the above-styled and numbered cause.

8. "SEC" means the United States Securities and Exchange Commission and all employees, attorneys, accountants, consultants, experts, and persons acting or purporting to act on behalf of it.

9. "Case" shall mean *Securities and Exchange Commission v. Life Partners Holdings, Inc., et al*; Case No. 1-12-cv-00033, pending in the United States District Court for the Western District of Texas, Austin Division.

10. "E&Y" shall mean Ernst & Young LLP and, if applicable, any of its current or former employees, members, managers, representatives, agents, attorneys or any other person or persons authorized to act on its behalf.

11. The terms "person" or "persons" include natural persons, firms, partnerships, associations, joint ventures, corporations and all other types of entities of any kind.

1

12. "Document" or "documents" shall mean the original and all non-identical copies, or drafts, of any writing or record of any type or description known, including, but not limited to, letters, statements, envelopes, contracts, bulletins, circulars, pamphlets, phone message slips, telephone logs, telephone bills, agreements, agendas, minutes, memoranda, telegrams, telexes, teletypes, cables, messages, notes, worksheets, reports, forms, studies, checkbooks, cancelled checks, interoffice communications, intra-office communications, appointment books, appointment logs, desk calendars, pocket calendars, expense reports, drafts, wire transfers, transmittal authorizations and confirmations, bank statements, ledgers, financial statements, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, confirmations, travel vouchers, promotional materials, lists, notebooks, computer printouts, electronically and magnetically recorded or stored data (including computer and work processor disks or tapes), microfilm, photographs, tape recordings, digests, affidavits, opinions, investigations, signed statements, summaries, notices, proposals, books, articles, press releases, newspapers, charts, magazines, and all other written, printed, typed, photographs or graphically recorded matter of any kind or nature, however produced or reproduced.

13. "Concerning" or "concern" shall mean referring to, alluding to, responding to, relating to, connected with, connected on, connected to, in respect of, about, regarding, discussing, showing, recording, memorializing, describing, mentioning, reflecting, analyzing, constituting, pertaining to or evidencing.

14. "Communication" is used in its customarily broad sense and includes, without limitation, telephone discussions, telephone conferences, correspondence, letters, emails, memoranda and other written forms of exchange and all verbal communication and conversation by whatever means.

15. "Electronically stored information" should be afforded the broadest possible meaning consistent with Federal Rule of Civil Procedure 34 and the 2006 Notes of Advisory Committee relating thereto, and includes (*by way of example and not as an exhaustive list*) metadata, email messages and files, voice-mail messages and files, instant messages, text messages, word processed documents (e.g., Microsoft Word or Corel WordPerfect files and drafts), spreadsheets and tables, electronic data files (such as those created by programs that process financial, accounting, billing, marketing, or sales information), image and facsimile files, sound recordings, video and animation, databases, contact and relationship management data, calendar and diary application data (blogs), online access data (e.g., temporary internet files, history, cookies), presentations (e.g., PowerPoint, Corel Presentation), project management application data, data files, program files, backup and archival tapes, temporary files, deleted files, website information stored in textual, graphical, or audio format, website log files, cache files, cookies, tapes, disks and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read, and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings, and reproductions or film impressions of any of the aforementioned writings.

16. "Evidencing" as used herein means providing, indicating, or probative of the existence or nature of and includes the terms concerning, commenting on, regarding,

summarizing, referring to, discussing, describing, mentioning, reflecting, pertaining to, contradicting, or consulting.

17. As used herein "and" and "or" shall be construed both conjunctively and disjunctively as required by the context to bring within the scope of these Interrogatories or Requests any information which might otherwise be construed to be outside their scope.

18. The use of a singular form of any word includes the plural and vice versa.

## II. INSTRUCTIONS

The following instructions apply:

A. The response to these requests for documents shall state, with respect to each item or category, that inspection will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

B. File folders with tabs or labels identifying documents must be produced intact with such documents.

C. Documents provided in response hereto shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in the requests for documents.

D. Selection of responsive documents from files or other sources and the numbering, if any, of such documents, shall be performed in a manner as to ensure that the source of each document may be determined, if necessary.

E. Documents attached to each other in the ordinary course of business shall be produced as attached in their existing condition.

F. In lieu of producing originals or copies thereof, You may, at Your option, submit legible photographic or other reproductions of such documents, provided that the instructions given above for preserving the integrity of the documents are followed and originals or copies from which such reproductions were made are retained by You for our inspection upon request, until the final disposition of this litigation.

G. Procedure for Claiming Limitation of Discovery. In the event that You seek to withhold any document, thing, or information on the basis that it is properly entitled to some limitation of discovery, by way of exemption, privilege or otherwise, You shall supply a list of the documents and things for which limitation of discovery is claimed, indicating:

    1. the name of each author, writer, sender or initiator of such document or thing, if any;

2.  the name of each recipient, addressee, or party to whom such document or thing was intended, if any;

3.  the date of such document or thing, if any, or an estimate thereof and so indicated as an estimate if no date appears on the document;

4.  the general subject matter as described in the document; and

5.  the basis for the claimed grounds for limitation of discovery.

H.  Electronically stored information shall be produced in native format with all metadata (or in such other format as is mutually agreed) and shall be produced in electronic form on CD-ROM, DVD, USB flash drive, or external hard drive.

## III. DOCUMENTS

1.  All documents and/or electronically stored information evidencing, relating to, or concerning communications between Eide Bailly and the SEC relating to or concerning any or all of Defendants.

2.  All documents and/or electronically stored information produced by Eide Bailly to the SEC relating to or concerning any or all of Defendants.

3.  All documents and/or electronically stored information evidencing, relating to, or concerning communications between Eide Bailly and any third-party (other than the SEC) relating to or concerning any or all of Defendants.

4.  All documents and/or electronically stored information provided by Eide Bailly to E&Y relating to or concerning any or all of Defendants.

5.  All documents and/or electronically stored information evidencing, relating to, or concerning communications between Eide Bailly and any or all of Defendants.

6.  All documents and/or electronically stored information evidencing, relating to, or concerning internal communications of Eide Bailly concerning any or all of Defendants.

7.  All documents and/or electronically stored information, including but not limited to Your internal communications, audit working papers, internal memoranda, presentations, analyses, notes, and all drafts and versions of same, evidencing, relating to, or concerning LPHI's revenue recognition policies and/or practices.

8.  All documents and/or electronically stored information, including but not limited to Your internal communications, audit working papers, internal memoranda, presentations, analyses, notes, and all drafts and versions of same, evidencing, relating to, or concerning LPHI's impairment of policies in which it owns an interest.

9. All documents and/or electronically stored information evidencing, relating to, or concerning any analysis, evaluation, or assessment of Dr. Donald Cassidy's life expectancy opinions, or the necessity thereof.

10. All documents and/or electronically stored information evidencing, relating to, or concerning communications between Eide Bailly and Dr. Donald Cassidy.

11. All documents and/or electronically stored information evidencing, relating to, or concerning the returns-on-investment received by purchasers of life settlements facilitated by LPI.

12. All documents and/or electronically stored information, including but not limited to Your internal communications, audit working papers, internal memoranda, presentations, analyses, notes, and all drafts and versions of same, evidencing, relating to, or concerning LPHI's allocation and/or deferral of brokerage fees.

13. All documents and/or electronically stored information evidencing, relating to, or concerning Eide Bailly's analysis, evaluation, assessment, or consideration of whether LPHI's "consolidated financial statements as of and for the year ended February 28, 2009, may have material misstatements related to improper revenue recognition," as set forth in Eide Bailly's June 14, 2011 letter to the Chairman of LPHI's Audit Committee.

14. All documents and/or electronically stored information evidencing, relating to, or concerning communications between Eide Bailly and E&Y regarding any or all of Defendants.

15. All documents and/or electronically stored information evidencing, relating to, or concerning communications with the State of California Department of Corporations (the "DOC") regarding any or all Defendants and all documents provided to the DOC by Eide Bailly regarding any or all Defendants.

16. All documents and/or electronically stored information maintained by any employee of Eide Bailly in his or her physical file(s), or on his or her computer, evidencing, relating to, or concerning the engagement and/or audit of LPHI.

5