**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

_____

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No.:** |
| | § | **1:12-cv-00033-JRN** |
| **vs.** | § | |
| | § | |
| **LIFE PARTNERS HOLDINGS, INC., BRIAN** | § | |
| **PARDO, R. SCOTT PEDEN, and** | § | |
| **DAVID M. MARTIN** | § | |
| | § | |
| **Defendants.** | § | |

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

August 10, 2012                    Respectfully submitted,

                    */s/ Jason C. Rodgers*
                    Jason C. Rodgers
                    Texas Bar No. 24005540
                    Toby M. Galloway
                    Texas Bar No. 00790733
                    Michael D. King
                    Texas Bar No. 24032634

                    U.S. Securities and Exchange Commission
                    Burnett Plaza, Suite 1900
                    801 Cherry Street, Unit #18
                    Fort Worth, TX  76102-6882
                    (817) 978-1410 (jcr)
                    (817) 978-4927 (fax)
                    Attorneys for Plaintiff Securities and Exchange
                    Commission

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................ ii-iv

I.     SUMMARY OF ARGUMENT ...................................................................................1

II.    ARGUMENT AND AUTHORITIES...........................................................................2

       A.    A Blanket Protective Order is Neither Suited to this Case Nor Justified on the
             Grounds Defendants Advance .............................................................................2

       B.    Redaction Adequately Safeguards Private Information In Medication Records
             and Other Third-Party Records............................................................................6

       C.    The Business and Financial Information Defendants Seek to Designate
             Confidential Are Matters of Public Record, and They Have Not Advanced
             Protectable Interest in Connection with Any of the Information..........................8

III.   CONCLUSION..........................................................................................................10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ahern v. Trans Union LLC*,
   2002 U.S. Dist. LEXIS 26355 (D. Conn. Oct. 23, 2002) ................................................8

*Am. Friends Serv. Comm. v. City & County of Denver*,
   2004 U.S. Dist. LEXIS 18474 (D. Colo. Feb. 19, 2004) ................................................5

*Bayer AG and Miles, Inc. v. Barr Lab.*,
   162 F.R.D. 456 (S.D.N.Y. 1995) ....................................................................................2

*Beckman Indus. v. Int'l Ins. Co.*,
   966 F.2d 470 (9th Cir. 1992) ..........................................................................................8

*Brown v. Overhead Door Corp.*,
   2008 U.S. Dist. LEXIS 34879 (N.D. Ill. Apr. 29, 2008) ...............................................7

*Citizens First Nat'l Bank v. Cincinnati Ins. Co.*,
   178 F.3d 943 (7th Cir. 1999) ..........................................................................................2

*Cook Inc. v. Boston Sci. Corp.*,
   206 F.R.D. 244 (S.D. Ind. 2001)......................................................................................8

*Crum & Crum Enter. v. NDC of Cal., L.P.*,
   2011 U.S. Dist. LEXIS 24690 (D. Del. Mar. 11, 2011) ................................................9

*Dahdal v. Thorn Am.*,
   1997 U.S. Dist. LEXIS 14792 (D. Kan. Sept. 15, 1997) ......................................8-9. 10

*Deford v. Schmid Prod. Co., Division of Schmid Lab., Inc.*,
   120 F.R.D. 648 (D. Md. 1987).........................................................................................7

*Farnsworth v. Procter & Gamble Co.*,
   758 F.2d 1545 (11th Cir. 1985) ......................................................................................7

*Holland v. Summit Autonomous, Inc.*,
   2001 U.S. Dist. LEXIS 12659 (E.D. La. Aug. 13, 2001) ...............................................2

*Landry v. Air Line  Pilots Ass'n*,
   901 F.2d 404 (5th Cir. 1990) ..........................................................................................8

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006)............................................................................................9

*Menendez v. Wal-Mart Stores East LP*,
    2012 U.S. Dist. LEXIS 4143 (N.D. Ind. Jan. 11, 2012) ...................................................8

*Minter v. Wells Fargo Bank, N.A.*,
    2010 U.S. Dist. LEXIS 136006 (D. Md. Dec. 23, 2010) ...................................................5

*Pansy v. Borough of Stroudsburg*,
    23 F.3d 772 (3d Cir. 1994)...................................................................................................6

*In re Perrigo Co.*,
    128 F.3d 430 (6th Cir. Mich. 1997) .....................................................................................9

*Quality Inv. Props. Santa Clara, LLC v. Serrano Elec., Inc.*,
    2010 U.S. Dist. LEXIS 81796 (N.D. Cal. July 21, 2010).............................................2, 5

*Ryan v. Staten Island Univ. Hosp.*,
    2006 U.S. Dist. LEXIS 88313 (E.D.N.Y. Dec. 5, 2006) ....................................................7

*SEC v. Jupiter Group Capital Advisors LLC*,
    2012 U.S. Dist. LEXIS 26105 (D. HI, Feb. 29, 2012)......................................................10

*SEC v. Steffes*, No. 10-C-6226,
    2011 U.S. Dist. LEXIS 56304 (N.D. Ill. May 25, 2011) ....................................................5

*United States v. Elliott*,
    676 F. Supp. 2d 431 (D. Md. 2009) ....................................................................................7

*United States v. Ferrarini*,
    219 F.3d 145 (2d Cir. 2000)................................................................................................9

*Waelde v. Merck, Sharp & Dohme*,
    94 F.R.D. 27 (E.D. Mich. 1981) .........................................................................................9

*In re Zyprexa Prods. Liab. Litig.*,
    254 F.R.D. 50 (E.D.N.Y. 2008) ..........................................................................................6

**STATE CASES**

*Arons v. Jutkowitz*,
    880 N.E.2d 832 (N.Y. 2007)...............................................................................................7

**FEDERAL STATUTES**

5 U.S.C. § 552(b)(6) ...........................................................................................................8

5 U.S.C. § 552a(b) ..............................................................................................................8

45 C.F.R. § 164.514(a)..........................................................................................6

Fed. R. Civ. P. 26(c) ............................................................................................8

Fed. R. Civ. P. 26(c)(1)(G) ..................................................................................8

Plaintiff Securities and Exchange Commission ("SEC" or the "Commission") responds to Defendants' Motion for Protective Order (the "Motion") as follows:

## I.    SUMMARY OF ARGUMENT

The Commission and Defendants agree on the scope of permissible use the Commission may make outside this proceeding of information produced by Defendants.  Paragraph 7a of Defendants' proposed order contains a carve out for any use that the Commission is authorized or required to make by statute or regulation, as enumerated under the "Routine Uses of Information" in SEC Form 1662.[1]  The Commission agrees not to use any information obtained from Defendants or any non-party beyond the Routine Uses.[2]  An order providing for the designation of any particular document or data that Defendants would seek to bring within the scope of this extra-judicial nondisclosure obligation is, therefore, unnecessary.

The Commission does not agree to the limitations and procedures Defendants propose for the parties' use in this case of information obtained in the Commission's investigation or discovery.  The blanket protective order Defendants propose is not suited to the nature of this dispute, and it would cause, rather than alleviate, inefficiency and delay.  Even if a blanket

---

[1]    *See* Appendix in Support of Defendants' Motion for Protective Order and Brief [Doc. No. 41-1] ("Def. App."), Exhibit D (Defendants' Proposed Protective Order), ¶7a (providing that "this Protective Order shall not be construed to limit or otherwise abrogate the Commission's ability to make its files available as described in the 'Routine Uses of Information' Section of SEC Form 1662" and that "[t]he Commission may disclose Classified Information in a manner consistent with the 'Routine Uses of Information[.]'"); Motion at 9 (recognizing statutory and regulatory rights and responsibilities of the Commission).

[2]    A copy of SEC Form 1662 appears as Exhibit A-1 to Plaintiff's Appendix in Support of Its Response In Opposition to Defendants' Motion for Protective Order ("Pltf. App.), filed concurrently herewith.  Defendants were furnished with copies of Form 1662 in connection with the Commission's requests for information in its investigation.  *See* Def. App., Ex. A-1 (enclosing SEC Form 1662).

Defendants complain that they were assured by the Commission that the information they produced in the Commission's investigation would be kept confidential.  Motion at 3.  Any such assurances, however, were made only in connection with the Commission's investigation, pursuant to Commission policy that its investigations are non-public, and do not extend to this litigation.  SEC Form 1662 expressly so advised Defendants.  *See* Pltf. App. Ex. A-1, p. 3. (identifying routine use of information "[i]n any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity").  Nor does the Enforcement Manual support Defendants' complaint, as the provision Defendants cite simply memorializes Commission policy as to non-public investigations.

protective order were appropriate here, Defendants have failed to justify the need for one. The redaction obligations the Commission proposes adequately addresses the privacy interests associated with medical records and other private, third-party information. The remaining information Defendants seek to protect – financial and business information of LPHI and LPI – does not warrant protection under Rule 26(c), as LPHI publicly discloses both its and LPI's business and financial affairs. Moreover, Defendants have failed to articulate any grounds to support their claims that they would suffer a competitive disadvantage or economic harm from the Commission's use of the information in this case.

The Court should deny the Motion. Under the circumstances of this case, Defendants should be required to make the specific showing of need required for traditional (as opposed to blanket) protective orders, and support their request with properly demarcated categories of legitimately confidential discovery documents and an adequate showing of the competitive harm likely to result from the disclosure.[3]

## II.        ARGUMENT AND AUTHORITIES

### A.        A Blanket Protective Order is Neither Suited to this Case Nor Justified on the Grounds Defendants Advance

While "[blanket] protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors,"[4] this is an

---

[3]     *See Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) ("We do not suggest that all determinations of good cause must be made on a document-by-document basis. In a case with thousands of documents, such a requirement might impose an excessive burden on the district judge or magistrate judge. There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge [] satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets ….").

[4]     *Holland v. Summit Autonomous, Inc.*, 2001 U.S. Dist. LEXIS 12659 (E.D. La. Aug. 13, 2001) (quoting *Bayer AG and Miles, Inc. v. Barr Lab.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995)). Because blanket protective orders suit the needs of parties so situated, they are typically entered by stipulation. *See Quality Inv. Props. Santa Clara, LLC v.*

enforcement action, not commercial litigation, and the SEC and Defendants are not competitors. The Commission has brought claims against a public company and its officers for violations of the securities laws based on false and misleading statements they made in the company's public filings and financial statements.  There is no risk that the Commission's use in this litigation of information produced by Defendants could cause them to suffer a competitive injury.  This case does not involve trade secrets.  None of the persons the Commission has identified in its initial disclosures as individuals likely to have discoverable information compete with Defendants or are otherwise commercially adverse to them.

The protective order Defendants propose is not suitable for this case.  The mechanisms it provides for limiting the information that may be shown to witnesses, do not serve the joint interests of the parties, and hamper the Commission's ability to take testimony from witnesses to whom it should have unfettered access in discovery.  For example, under Defendants' proposed order, the officers and employees of Defendant Life Partners Holdings, Inc. ("LPHI") eligible for designation as "Qualified Persons"  (who the Commission can examine using "Classified Information") are limited to those "actively involved in the … defense of this case."  Def. App., Ex. D ¶ 2.  Such a limitation makes sense in a commercial dispute, where the parties are exchanging proprietary information, to limit dissemination of such information, and minimize the risk either party would abuse information produced by the other in discovery.  No such risk exists here, and the Commission should be free, subject to Rules 26 and 30, to examine any current or former employee of LPHI using any information produced by LPHI.[5]  The constraints

---

*Serrano Elec., Inc.*, 2010 U.S. Dist. LEXIS 81796, *4 (N.D. Cal. July 21, 2010) ("[B]lanket protective orders are usually based on a joint request of the parties.").

[5]    The Commission should have the same ability with respect to current and former employees of non-party Life Partners, Inc. ("LPI"), LPHI's wholly-owned subsidiary, as well as members of either entity's board of directors.

that the proposed order places on documents LPHI designates as confidential, however, would limit the Commission's ability to examine employees and officers of LPHI on the company's own documents, which is unreasonable.

Because the blanket protective order is unsuited to this type of action, the restrictions it imposes on information used in depositions, court filings, and examination at trial would unduly and unnecessarily complicate discovery, pre-trial procedure, and the trial of this case.  Under the proposed order, the parties must: 1) designate as Qualified Persons officers and employees of Defendants who may be shown "Classified Information," and obtain confidentiality agreements from Qualified Persons so designated, Def. App., Ex. 7 ¶ 2(v);[6] 2) obtain confidentiality agreements from non-designated Qualified Persons who were the actual or intended author or recipient of the information, *id.* ¶ 2(vii);[7] 3) obtain prior consent from opposing counsel, or, in the absence of an agreement, a court order before showing the information to non-party witnesses who were not the actual or intended recipient of the information, *id.* ¶ 10; 4) in the event of a disagreement that the parties cannot resolve, challenge designations of Classified Information or Qualified Persons in filings with Court, *id.* ¶ 11; and 5) follow the sealing requirements of Local Rule CV 5.2 for court filings containing Classified Information.[8]  *Id.* ¶ 12.

The foregoing procedures invite controversy and pose the risk of increasing, rather than

---

[6]    There is no sound basis for requiring the Commission to obtain confidentiality agreements from employees and officers of LPHI in order to examine them on LPHI's documents.

[7]    In the case of non-parties, there is no guarantee that such witnesses will enter into confidentiality agreements voluntarily, and this provision is subject to abuse by reluctant witnesses over whom Defendants do not exercise control.

[8]    Paragraphs 10, 11, and 12 of Defendants' proposed protective order are likely to be repeated sources of contention between the parties given the vast amount of information Defendants intend to designate as confidential, as discussed in the paragraph immediately following the text that accompanies this footnote.

decreasing, the need for judicial scrutiny, particularly in view of the breadth of the information that Defendants propose sweeping under their proposed protective order, which is extraordinary and insupportable. Defendants seek to encumber millions of documents, hundreds of gigabytes of electronic data, and more than 500,000 emails. Motion at 8. They try to justify a need to do so on grounds of economy, arguing that "page-by-page designation would be enormously time-consuming and inefficient." *Id*. The proposed order, however, offers no efficiency gains, as it merely shifts to the SEC the burden of raising the issue of confidentiality as to scores of individual documents.[9] Thus, rather than obviating the need for judicial scrutiny, the order merely postpones it, and will delay discovery in this case rather than expedite it.[10]

In *SEC v. Steffes*, No. 10-C-6226, 2011 U.S. Dist. LEXIS 56304 (N.D. Ill. May 25, 2011), the Court approved a blanket protective order over the SEC's objection because there was no "concrete support" in the record for the SEC's concern that Defendants would over-use the confidential designation. *Id*. at *7. Here, Defendants have urged blanket designations specifically to avoid reviewing hard drives and emails to ensure that all of the data and documents that they intend to designate are in fact, in their view, "confidential." *Steffes* is

---

[9]     A blanket protective order "shifts to the non-designating party the burden of raising initially the issue of confidentiality with respect to individual documents." *Am. Friends Serv. Comm. v. City & County of Denver*, 2004 U.S. Dist. LEXIS 18474, *13 (D. Colo. Feb. 19, 2004).

[10]     *See Minter v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 136006, *9 (D. Md. Dec. 23, 2010) ("While umbrella orders provide a mechanism for the court to resolve discovery disputes concerning confidential designations without the need for document-by-document adjudication of all production, they do not relieve the parties of their burden to consider vigilantly the need for protection of each document. The utility of this approach is eviscerated when parties liberally over-designate in the first instance, thereby postponing rather than eliminating the need for close judicial scrutiny and ultimately 'delaying rather than expediting the litigation.') (quoting Manual for Complex Litigation § 11.432 (4th ed. 2010)).

Moreover, the over designation that Defendants intend to undertake in the name of efficiency is at odds with the good faith requirements of the protective order they propose. Def. App., Ex. D ¶ 3b. Some courts require stricter restraints in blanket protective orders to guard against the temptation to over designate. *See Quality Inv. Props. Santa Clara, LLC v. Serrano Elec., Inc.*, 2010 U.S. Dist. LEXIS 81796, *6-7 (N.D. Cal. July 21, 2010) (approving protective order with provision: "Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions"). A blanket protective order is, in any event, inappropriate for this action.

---

further distinguishable in that Defendants seek a protective order covering not only discovery in

this action, but also the information Defendants produced to the Commission in its investigation,

which is covered by the Freedom of Information Act.  A "strong presumption" exists against

entering a confidentiality order where "it is likely that information is accessible under a relevant

freedom of information law."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 791 (3d Cir.

1994); *id.* ("When a court orders confidentiality in a suit involving a governmental entity, as the

district court in this case did, there arises a troublesome conflict between the governmental

entity's interest as a litigant and its public disclosure obligations.").

### B.   Redaction Adequately Safeguards Private Information In Medical Records and Other Third-Party Records

The Commission agrees that medical records and private information of non-parties are

confidential, and should be afforded protection in this case.  The Commission has not taken the

position that redaction obligations under Rule 5.2 alone adequately safeguard such information.

Rather, the Commission proposed complying with the rule's redaction requirements and

"broadening those obligations by agreement if/as necessary to address any other privacy

implications."  Def. App., Ex. B-2.  The privacy interests in medical records created by HIPAA

do not apply to redacted medical records.  *In re Zyprexa Prods. Liab. Litig.*, 254 F.R.D. 50, 54

(E.D.N.Y. 2008).  Health information that is "de-identified" in accordance with 45 C.F.R.

§ 164.514(a) "is not protected under HIPAA, and that, to the extent state privilege laws offer

protection to de-identified medical records, HIPAA preempts those laws." *Id.*[11]  Nor does the

requirement for the entry of a protective order under HIPAA apply here.[12]

Redaction sufficient to eliminate all personally identifiable information in filings with the

Court that contain medical records, therefore, adequately protects privacy interests.[13] The same is

true of personal information in "Purchaser Files," licensee files, and employee personnel files.

Motion at 5-6.  Redaction is a far more sensible and efficient approach than encumbering *all*

information that contains *any* private, personally identifiable information with the requirements

of a protective order.  As for Defendants' purported concern over disclosure by the Commission

of unredacted medical records (already produced by Defendants) outside this litigation, the

Commission agrees not to make any use of the information beyond the Routine Uses set forth in

SEC Form 1662, as Defendants have proposed.  And, contrary to Defendants' contention, the

Commission is not free under its Routine Uses to disclose such information "without

---

[11]   *See also Brown v. Overhead Door Corp.*, 2008 U.S. Dist. LEXIS 34879, *4 (N.D. Ill. Apr. 29, 2008) ("Contrary to plaintiff's suggestion, HIPAA does not create a privilege for patients' medical information, it merely provides the procedures one must follow in order to secure the disclosure of such information from a 'covered entity,' such as a hospital.").

[12]   The requirements of HIPAA apply only to "covered entities," as defined in the act, and none of Defendants are covered entities.  *See United States v. Elliott*, 676 F. Supp. 2d 431, 436 (D. Md. 2009) ("[HIPAA] governs the confidentiality of medical records and regulates how and under what circumstances 'covered entities' may use or disclose 'protected health information' about an individual.  The term 'covered entities' is defined to include health care plans, health care clearinghouses and health care providers.") (citing 45 C.F.R. §§ 160.102, 164.104); *Arons v. Jutkowitz*, 880 N.E.2d 832, 841 (N.Y. 2007) ("The Privacy Rule [implemented under HIPAA] permits covered entities to use or disclose protected health information … in response to a subpoena, discovery request or other lawful process if the entity has received satisfactory assurances that the party seeking the disclosure … has made reasonable efforts to secure a qualified protective order from a court or administrative tribunal.") (citing 45 C.F.R. § 164.512 (e)(1)(ii)).

[13]   *See Ryan v. Staten Island Univ. Hosp.*, 2006 U.S. Dist. LEXIS 88313 *17, *24 (E.D.N.Y. Dec. 5, 2006) (ordering production of health information database subject to redaction of patients' names, addresses, telephone numbers, and social security numbers); *Deford v. Schmid Prod. Co., Div. of Schmid Lab., Inc.*, 120 F.R.D. 648, 654 (D. Md. 1987) ("The Baker affidavit also argues that protection of the identities of patients involved in the clinical studies is essential in order to encourage the continuation of such research.  The plaintiffs, however, have consented to the redaction of patients' names and addresses, which should be sufficient to protect those valid privacy interests.") (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985)).

limitation."[14]

### C.   The Business and Financial Information Defendants Seek to Designate Confidential Are Matters of Public Record, and They Have Not Advanced Protectable Interests in Connection with Any of the Information

A party seeking a protective order under Rule 26(c) of the Federal Rules of Civil Procedure must establish good cause and a specific need for protection.  *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990).  "Good cause" exists when it is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.* (quoting FED. R. CIV. P. 26(c)).  When good cause exists, the Court may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G).  In showing a need for protection, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

The business and financial information that Defendants identify does not qualify as "confidential research, development, or commercial information" under Rule 26(c)(1)(G).  Defendants claim the information is confidential, and that disclosure would result in "competitive and economic" harm, but they fail to articulate any grounds in support of either claim.[15]  Broad assertions of confidentiality and harm are particularly insufficient in view of the

---

[14]   For example, the Commission is subject to the requirements of the Privacy Act of 1974, *see* 5 U.S.C. § 552a(b), and the Freedom of Information Act, which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

[15]   *See Menendez v. Wal-Mart Stores East LP*, 2012 U.S. Dist. LEXIS 4143, *6-7 (N.D. Ind. Jan. 11, 2012) ("For material to be protected, it 'must give the holder an economic advantage and threaten a competitive injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection.'") (quoting *Cook Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001)); *Ahern v. Trans Union LLC*, 2002 U.S. Dist. LEXIS 26355, *10 (D. Conn. Oct. 23, 2002) ("[B]ald assertions of confidentiality, such as a statement by a movant that disclosure could harm the movant's competitive position, are insufficient for a court to enter a protective order."); *Dahdal v. Thorn Ams.*, 1997 U.S. Dist. LEXIS

fact that the business operations and financial conditions of LPHI and LPI are matters of public record.  As a public company, LPHI files annual reports with the Commission providing detailed information on the company's business activities, plans, management, and financial condition, including information on the business operations of LPI, LPHI's wholly-owned subsidiary.[16] LPI's financial information is included in the consolidated financial statements of LPHI.

Defendants fail to distinguish the allegedly confidential information they seek to protect from the detailed business and financial matters LPHI discloses in its public filings.  LPHI's public disclosures include pricing methodologies, accounting practices and procedures, and business strategies.[17]  Moreover, these matters go to the very heart of the Commission's disclosure and accounting fraud claims.[18]  As to the other categories of information Defendants identify (Motion at 7), emails "relating to all facets of the Company's business" necessarily

---

14792, *5 (D. Kan. Sept. 15, 1997) (declining to enter blanket protective order, because "[t]o obtain an order protecting the confidentiality of business documents, the movant must do more than simply state that such documents are proprietary and confidential"); *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 30 (E.D. Mich. 1981) (denying entry of blanket protective order where Defendant failed to show that disclosure would result in serious competitive injury).  *Cf. Crum & Crum Enters. v. NDC of Cal., L.P.*, 2011 U.S. Dist. LEXIS 24690, *14-15 (D. Del. Mar. 11, 2011) (denying motion to modify blanket protective order where private company showed that competitors could gain a competitive advantage from disclosure of company's pricing strategy and profit margins).

[16]   *See In re Perrigo Co.*, 128 F.3d 430, 440 (6th Cir. Mich. 1997) ("[W]e take note that public corporations, such as Perrigo, are required by a myriad of laws and regulations to report regularly in considerable detail their financial dealings. The public, therefore, already has full access to security information, financial data, and stock information of Perrigo, as well as a wealth of information about officers and directors."); *United States v. Ferrarini*, 219 F.3d 145, 149 (2d Cir. 2000) ("Because Underwriters was a public company, it was obliged to file quarterly and annual reports with the SEC.  In these reports, Underwriters was required to make various financial disclosures including information on the business operations of its wholly owned subsidiary, UFG.").

[17]   *See, e.g.,* Pltf. App., Ex. A-2 (LPHI's 2011 Form 10-K), highlighted sections at pp. 5,6,8, 13 (pricing methodologies), pp. 22, 23, 27 (accounting policies and procedures), pp, 7,8,12, 27 (business strategies).

[18]   *See* Complaint [Doc. No. 1] at ¶¶ 2-4, 10, 26-28 (business strategy); *id.* at ¶¶ 29, 45-48 (pricing methodology); *id.* at ¶¶ 74-80, 87-94, 108-112, 119-124 (accounting policies and procedures); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("[W]here documents are used to determine litigants' substantive rights, a strong presumption of access attaches.").

encompass far more than proprietary, much less confidential, matters.[19]  The same is true of the "operational data" to which Defendants vaguely refer.  Furthermore, as with all the categories, Defendants do not articulate any commercial advantage to be protected, or economic harm to be avoided, in connection with the underwriting guidelines, computer network topology, aging reports, and general ledgers of LPHI or LPI.

Accordingly, the Court should deny the Motion.  If Defendants have protectable interests in connection with legitimately confidential information, the Court should require a specific showing of grounds in support, as generally required under Rule 26(c).  There are no efficiency gains to be achieved by the entry of a blanket protective order in this case.[20]  To the contrary, such an order would unduly complicate discovery, pre-trial procedure, and the trial of this cause, and it would occasion the need for judicial scrutiny rather than reduce it.[21]

## III.    CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court deny the Motion.

---

[19]    *See Dahdal*, 1997 U.S. Dist. LEXIS 14792, at *4 ("Business documents as a category do not qualify as intrinsically confidential and personal. Their disclosure does not necessarily cause a clearly defined and serious injury.").

[20]    No protective order entered in this case, if any, should contain the return-or-destroy requirement that paragraph 14 of Defendants' proposed protective order imposes for Classified Information.  Such obligation would contravene the SEC's document retention obligations under the Federal Records Act of 1950 and regulations of the National Archives and Records Administration.  *SEC v. Jupiter Group Capital Advisors LLC*, 2012 U.S. Dist. LEXIS 26105 (D. HI, Feb. 29, 2012).

[21]    Nor is a protective order of any kind appropriate now for the alleged benefit of third parties.  In response to LPHI's subpoena, E&Y agreed to produce all the documents that the Commission obtained from E&Y in its investigation, and merely lodged a boilerplate objection to the subpoena "to the extent it purports to require … the disclosure of confidential and proprietary information."  Def. App., Ex. B-3.  If confidentiality concerns on the part E&Y actually materialize, and E&Y refuse to produce information it believes to be proprietary, there is no reason to believe E&Y and LPHI could not resolve the issue by stipulation or, in the absence of agreement, by an application to this Court tailored to the issue of E&Y's concern.  Similarly, future discovery from Defendants Pardo, Peden, or Martin calling for the production of private or non-public financial data can be adequately addressed by a limited protective order, narrowly tailored to such concerns, if well founded.

DATED:  August 10, 2012                    Respectfully submitted,

                                           */s/ Jason C. Rodgers*
                                           Jason C. Rodgers
                                           Texas Bar No. 24005540
                                           Toby M. Galloway
                                           Texas Bar No. 00790733
                                           Michael D. King
                                           Texas Bar No. 24032634

                                           U.S. Securities and Exchange Commission
                                           Burnett Plaza, Suite 1900
                                           801 Cherry Street, Unit #18
                                           Fort Worth, TX  76102-6882
                                           (817) 978-1410 (jcr)
                                           (817) 978-4927 (fax)
                                           Attorneys for Plaintiff Securities and Exchange Commission

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court.  All others were served a copy via U.S. mail.

                                           */s/ Jason C. Rodgers*
                                           Jason C. Rodgers