IN THE UNITED STATES DISTRICT COURT    FILED
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION    2013 JUL 30  PM 2: 38

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

SECURITIES AND EXCHANGE          §
COMMISSION,                       §
    Plaintiff               §
                                  §
v.                                §        CIVIL ACTION NO. 1:12-CV-033-JRN
                                  §
                                  §
LIFE PARTNERS HOLDINGS, INC.,     §
BRIAN PARDO, R. SCOTT PEDEN,      §
AND DAVID M. MARTIN               §
    Defendants.             §

## ORDER

Before the Court in the above-entitled and styled cause of action is Defendant David M. Martin's Motion to Sever (Clerk's Dkt. No. 90); Plaintiff Securities and Exchange Commission's Response in Opposition (Clerk's Dkt. No. 91); and Defendant's Reply (Clerk's Dkt. No. 92). After a review of the pleadings and applicable law, the Court finds that the Motion should be denied.

Defendant Martin requests that the Court sever the claims against him under FED. R. CIV. P. 21. He claims that participating in a joint trial with his co-Defendants would be fundamentally unfair because some of the evidence involves events predating his employment with Life Partner Holdings, Inc. ("LPHI"). He also claims that certain evidence that he believes will be introduced at trial would not be admissible against him in either a joint or severed trial.

Rule 21 of the Federal Rules of Civil Procedure provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. The decision to grant a severance is subject to the discretion of the

-1-

court. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010).

Defendant Martin claims that multiple allegations in the SEC's Complaint precede the period of his employment with LPHI. Martin served as LPHI's CFO from February 2008 until his resignation in July 2012. Although some facts in Plaintiff's Complaint date back to 1999, Plaintiff points out that its eight claims alleging securities law violations date from January 2007 through November 2011. Seven of the claims allege conduct that occurred during Defendant Martin's tenure at LPHI. The Court therefore concludes that Defendants Martin, Brian Pardo, R. Scott Peden, and LPHI are linked by common questions of law and fact.

Defendant Martin also contends that because the majority of allegations and evidence arise from a different set of facts, they would not be admissible against him in a joint or separate trial. As discussed *supra*, the majority of allegations arise from the same set of facts, contrary to his assertion. Since seven of Plaintiff's eight claims are asserted in common against Martin and other Defendants, there is a negligible risk of prejudice to Defendant Martin. Most importantly, any conceivable prejudice that might result from a joint trial can be cured by a limiting jury instruction. In his Reply, Defendant Martin expresses concern that "the SEC will no doubt try to admit as much evidence pre-dating Martin's arrival at Life Partners as possible," and claims that "the prejudice to Martin of admitting this and other irrelevant evidence cannot be overstated, and it cannot be eliminated with boilerplate cautionary instructions." Def. Reply at 3. However, Defendant Martin cannot determine what evidence the Court will admit at trial. Moreover, the Court has no intention of issuing boilerplate cautionary instructions in this case. The Court is well aware of the potential prejudice to Defendant Martin that could stem from admitting evidence pre-dating his arrival at LPHI without an adequate limiting instruction, and will carefully tailor its instructions to the jury so as to ensure

that he receives a fair trial.

Defendant Martin has presented no evidence demonstrating the necessity for a severance. The Court finds that denying Defendant Martin's Motion for Severance and requiring him to participate in a joint trial with his co-Defendants will provide for judicial economy while not unfairly prejudicing him.

**IT IS THEREFORE ORDERED** that Defendant David M. Martin's Motion to Sever (Clerk's Dkt. No. 90) is hereby **DENIED.**

**SIGNED this 29th day of July, 2013.**

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE