FILED
2013 DEC -3 PM 12:17
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>*Plaintiff*<br><br>v.<br><br>LIFE PARTNERS HOLDINGS, INC., BRIAN PARDO, R. SCOTT PEDEN, AND DAVID M. MARTIN<br><br>*Defendants* | CIVIL ACTION NO.<br>1-12-CV-00033-JRN |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment. (Dkt. No. 113). For reasons set out below, the Court denies Plaintiff's Motion.

### I. STANDARD OF REVIEW

The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record

in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish

the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## II. ANALYSIS

### A. The SEC's Section 10(b) Claims.

Plaintiff first argues that the evidence conclusively establishes that LPHI's Revenue Recognition Policy did not comply with GAAP. (Dkt. No. 113 at 5-10). To support its argument, Plaintiff points to the declaration of expert Larry Ranallo. The import and precise meaning of Ranallo's testimony, however, is disputed by Defendants and the Court will allow the jury to evaluate the strengths of Defendants counter-arguments on this point.

The Court likewise rules that there remains a genuine issue of material fact as to whether or not Defendants materially misstated their quarterly filings from 2009-2011. Plaintiff somewhat circularly cites the fact that Defendants' revenue recognition policy was not GAAP compliant as evidence that Life Partners materially misstated its quarterly filings from 2009 to 2011. Defendants vigorously dispute the SEC's allegation that Life Partners Revenue Recognition Policy was not GAAP compliant and, as previously noted, the Court believes there is sufficient evidence to back up Defendants' version of events for the issue to survive summary judgment. Since the propriety (or lack thereof) of Life Partners' Revenue Recognition Policy is intimately related to the question of whether Life Partners in fact

materially misstated its quarterly filings during the same period of time, the job of evaluating both questions belongs to the jury.

## B. The SEC's Section 13 Claims.

The Court denies Plaintiff's motion for summary judgment on its Section 13 claims since all of its Section 13 claims require that the Commission establish one or more elements of Plaintiff's Section 10(b) claims. As noted previously, the propriety of Defendants' accounting practices is an open question that will be left to the jury to evaluate. This being the case, the jury is also the proper body to evaluate the strength of the SEC's Section 13 claims.

## C. The SEC's Section 17 Claims.

Plaintiff moves for summary judgment on its Section 17(a) claims relating to the alleged misrepresentations of LPHI's revenue recognition disclosures in LPHI's quarterly filings with the SEC in January and February of 2007. Plaintiff does not present sufficient evidence at this stage to satisfy the Court that no genuine issue of material fact exists as to Life Partners' alleged misrepresentations regarding its revenue recognition policies. For this reason, summary judgment is not appropriate and the jury will decide whether it agrees with the SEC's allegations.

### D. The SEC's Section 304 Claims.

Plaintiff finally argues that the Court should grant summary judgment on its allegations that Pardo and Martin violated Section 304 of SOX since (1) LPHI restated its financials; (2) the restatement demonstrated prior non-compliance with financial reporting requirements; and (3) Pardo and Martin engaged in misconduct by violating federal securities laws. The Court disagrees with Plaintiff's assertion that there is no genuine issue of material fact as to whether a restatement of financials always implies prior non-compliance. Both parties have retained experts to testify on this subject and, not surprisingly, the experts disagree as to the import of a restatement. The jurors will be left to choose which side offers the more compelling argument on this point. Additionally, since Defendants have not met their burden of demonstrating that Pardo and Martin violated federal securities laws, that question will have to be resolved at trial as well.

For the reasons set out above, the Court DENIES Plaintiff's Motion for Summary Judgment. (Dkt. No. 113).

SIGNED this 2nd day of December, 2013.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE