FILED

2014 JAN -9  PM 2:42

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>*Plaintiff*<br><br>v.<br><br>LIFE PARTNERS HOLDINGS, INC., BRIAN PARDO, R. SCOTT PEDEN, AND DAVID M. MARTIN<br><br>*Defendants* | CIVIL ACTION NO.<br>1-12-CV-33-JRN |

### FINAL JUDGMENT AS TO DEFENDANT DAVID M. MARTIN

The Securities and Exchange Commission having filed a Complaint, and Defendant David M. Martin ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED that Martin and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual

notice of this Final Judgment by personal service or otherwise are restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] and Exchange Act Rules 13b2-1 and 13b2-2 [17 C.F.R. §§ 240.13b2-1 and 13b2-2], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, by:

(a) knowingly circumventing or knowingly failing to implement a system of internal accounting controls;

(b) knowingly falsifying a book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. §78m(b)(2)];

(c) falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §78m(b)(2)(A)]; or

(d) making or causing to be made a materially false or misleading statement, or by omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

(1) any required audit, review or examination of the financial statements of an issuer; or

(2) the preparation or filing of any document required to be filed with the

Commission.

## II.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13a-14 promulgated under the Exchange Act [17 C.F.R. § 240.13a-14], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to include a false and misleading certification with any annual or quarterly report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)].

## III.

IT IS FURTHER ORDERED that Martin and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.12a-13] by knowingly providing substantial assistance to an issuer that fails

to file timely with the Commission all accurate and complete information, documents and reports required by the rules and regulations prescribed by the Commission.

IV.

IT IS FURTHER ORDERED that Martin and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of sections 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), (b)(2)(A) and (b)(2)(B)] by an issuer that:

(a) fails to make and keep books, records and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1) transactions are executed in accordance with management's general or specific authorization;

(2) transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $34,961 pursuant to Sections 21d(3) and 21A of the Exchange Act [15 U.S.C. §§ 78u(d)(3) and 78uA]. Defendant shall satisfy this obligation by paying $34,961 to the Securities and Exchange Commission within 90 days after entry of this Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Martin as a defendant in this action; and specifying that payment is made pursuant to

this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of

disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED that David M. Martin's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter

for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

SIGNED this 9th day of January, 2014.

*[signature]*

JAMES R. NOWLIN
UNITED     STATES     DISTRICT     JUDGE