IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| V. | § § | A-12-CV-00033 JRN |
| LIFE PARTNERS HOLDINGS, INC., BRIAN PARDO, R. SCOTT PEDEN | § § § | |

**ORDER**

Before the Court are: Defendant Scott Peden's Opposed Emergency Motion to Set Amount and Type of Security Pending Appeal and to Extend Stay of Enforcement of the Judgment, filed on January 5, 2015 (Dkt. # 327), Defendant Brian Pardo's Opposed Emergency Motion to Set Amount and Type of Security Pending Appeal and to Extend Stay of Enforcement of the Judgment, filed on January 5, 2015 (Dkt. #329-1), and Plaintiff's Response in Opposition to Defendants' Motions to Set Amount and Type of Security and for Alternate Security to Stay Enforcement of Final Judgment, filed on January 5, 2015 (Dkt. # 335). The Court held a hearing on the motions on January 21, 2015.

After a jury trial, the District Court entered a Final Judgment against Defendants Life Partners Holdings, Inc. ("Life Partners"), Brian Pardo ("Pardo") and R. Scott Peden ("Peden") and in favor of the Plaintiff, the Securities and Exchange Commission ("SEC"). See Dkt. Nos. 304 & 352. As part of that Final Judgment, the District Court ordered Peden to pay a civil penalty of $2,000,000.00 and ordered Pardo to pay a civil penalty of $6,161,843.00. Pardo and Peden have appealed the District Court's Final Judgment to the Court of Appeals for the Fifth Circuit. Pardo and Peden now ask the Court to waive the requirement to post a supersedeas bond for the full amount of the judgment as is generally required under Federal Rule of Civil Procedure 62(d).

Under Federal Rule of Civil Procedure 62(d), an appellant is entitled to a stay of execution of judgment as a matter of right if the appellant posts a supersedeas bond. FED. R. CIV. P. 62(d). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing

party's rights pending appeal." *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979). The bond is intended to secure the non-appealing party "against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual [appeal]." *Id*. at 1191. Put another way, "the rationale for requiring a bond pending appeal is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987) (citing *Poplar Grove*).

Although Rule 62(d) does not define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier version of the rule (former Rule 73(d)) to require the appealing party to post a bond for the full amount of the judgment, plus costs of appeal, interest and any estimated damages attributed to the delay. *Poplar Grove,* at 1191. While the district court has the power to waive the supersedeas bond requirement, that power "has been exercised only in 'extraordinary circumstances,' and only where alternative means of securing the judgment creditor's interest were available." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 1992 WL 114953, at *2 (E.D. Pa. May 18, 1992). In *Poplar Grove*, the Fifth Circuit identified two situations that would merit departure from the ordinary requirement of posting a bond for the full amount of the judgment: (1) when "a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal," or (2) when "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden" and the court could "fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Poplar Grove,* at 1191. The burden is on the moving party, in this case Pardo and Peden, "to objectively demonstrate the reasons for such a departure." *Id.*

A.     **Brian Pardo's Proposal**

Pardo argues that he is unable to post a supersedeas bond in the full amount of the $6 million judgment because it exceeds his alleged net worth of $1,585,885.00. Pardo alleges that he has very few unencumbered assets, and while his take home pay is substantial, "almost all is required to pay taxes, retirement and household expenses." Dkt. No. 329 at 2. Pardo contends that given his current financial condition, he is unable to obtain a supersedeas bond for $6 million. In lieu of posting a bond for the full amount of the judgment, he proposes alternate security consisting of a $50,000.00 cash deposit in the Court's registry and a pledge of 100% of his common stock in Life Partners Holdings, Inc.

In support of his Motion, Pardo has submitted a conclusory declaration repeating the above facts of his financial condition. Pardo has failed to provide the Court with any verified financial or accounting statements to support any of his allegations. Additionally, Pardo did not bother to appear at the hearing before the Court on January 21, 2015, to provide testimony in support of any of his allegations or to be cross-examined about them. But even his unverified financial statement fails to support the request. According to that document, Pardo's salary in 2014 was $667,261, he owns real estate in excess of $1 million, he owns four airplanes, two of which are luxury jets, and he owns automobiles worth $369,000, one of which (a Mercedes Benz SLS) has an MSRP of over $220,000.[1] Finally, nothing on Pardo's financial statement mentions any interest in Pardo Family Holdings, Ltd., an off-shore family trust that the SEC contends has received at least $7.4 million in dividends from Life Partners since 2012, and $1.4 million in dividends from the company just since the jury returned its verdict in this case.

---

[1] *See* http://www.caranddriver.com/mercedes-benz/sls-amg (last visited February 2, 2015).

Thus, it is obvious that Pardo has failed to sustain his burden to demonstrate that his "present financial condition is such that the posting of a full bond would impose an undue financial burden" on him. *Poplar Grove*, 600 F.2d at 1191. Pardo has given the Court nothing more than conclusory statements to support his motion, and has offered to post as security less than one-quarter of the value of one of his cars. *See Nola Spice Designs, LLC v. Haydel Enterprises*, 2013 WL 6096361, at * 2 (E.D. La. Nov. 20, 2013) (finding that it was impossible to determine defendant's financial ability to respond to judgment where he failed to present any proof and only relied on counsel's arguments in brief); *Davis v. United States*, 2009 WL 2019932, at *2 (W.D. La. July 7, 2009) (refusing to depart from usual bond when defendant failed to come forward with any substantiated financial information). Moreover, the Court finds that posting security for less than 1% of the value of the $6 million judgment is clearly not an arrangement "which would furnish equal protection to the judgment creditor" as a standard supersedeas bond. *Poplar*, at 1191. Accordingly, Pardo has failed to meet his burden of showing a basis for the Court to depart from the usual requirement to post a bond for the full amount of the judgment in this case. The Court therefore **DENIES** Brian Pardo's Opposed Emergency Motion to Set Amount and Type of Security Pending Appeal and the Extend Stay of Enforcement of the Judgment (Dkt. # 329-1).

**B.     R. Scott Peden's Proposal**

Peden argues that he too is unable to post a supersedeas bond in the full amount of the $2 million judgment against him because his net worth is only $377,607. Like Pardo, Peden alleges that he has very few unencumbered assets, and that although his take-home pay is $9,866.00 per month, his monthly expenses are $9,502.00. He contends that he has tried and cannot obtain a traditional supersedeas bond for the amount of the judgment from a bond or insurance company. In lieu of the full amount of the $2 million judgment, Peden proposes alternate security in form of a $10,000 cash

deposit in the Court's registry and a pledge of 100% of his common stock in Life Partners Holdings, Inc.

Though Peden does not appear to own as many gaudy luxury items as Pardo, and thus his request is not as audacious as Pardo's, Peden too has submitted only an unaudited conclusory declaration in support of his motion. He failed to provide the Court with any verified financial or accounting statements to support any of his allegations, and he too was not present at the hearing on his motion on January 21, 2015, to provide testimony in support of any of his allegations. Accordingly, he has failed to carry his burden in demonstrating that the Court should depart from the requirements of Rule 62 in determining the appropriate bond to require to protect the SEC during the pendency of Peden's appeal. *See Nola Spice,* 2013 WL 6096361 at *2; *Davis*, 2009 WL 2019932, at *2.[2] Therefore, the Court **DENIES** R. Scott Peden's Opposed Emergency Motion to Set Amount and Type of Security Pending Appeal and the Extend Stay of Enforcement of the Judgment (Dkt. # 327).

SIGNED this 2nd day of February, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[2] At the hearing, Peden's primary legal argument was that his financial statement demonstrated that it was simply impossible for him to obtain a bond for $2 million, or to post anything close to that from his own property. In the course of the argument on the motion, his counsel noted that all, or substantially all, of Peden's assets were exempt from execution under Texas law. If this in fact is true, then that is another reason to deny Peden's motion, as Texas law would protect Peden's assets from execution, and effectively preserve the status quo pending the appeal.